UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PERRY DANIEL HOLLIE,

    Defendant.

_____/

CASE NO. 96-CR-90058
HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION TO VACATE
UNDER 28 U.S.C. § 2255 (Doc. 119) and DENYING
DEFENDANT'S MOTION FOR TIME EXTENSION (Doc. 134)

Defendant Perry Daniel Hollie has moved to vacate his sentence pursuant to 28 U.S.C. § 2255 which the court has considered despite its untimeliness due to extraordinary circumstances. Defendant is serving a life sentence for causing the death of a person through the use of a firearm during a crime of violence, as defined in § 924(c), in violation of 18 U.S.C. § 924(i).[1] The killing was committed during a bank robbery. Defendant argues that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) allegedly invalidates the term

---

[1] The citations refer to the 1996 version of the statute in effect at the time of defendant's conviction.

"crime of violence" as defined in 18 U.S.C. § 924(c) under which defendant was sentenced. The government responds that the Supreme Court's decision in *Johnson* does not invalidate the definition of "crime of violence" as used in § 924(c) under the Sixth Circuit's holding in *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). Defendant requested a time extension to file a reply brief which the court granted. Despite allowing defendant nearly two months to file his reply brief on or before May 1, 2017, defendant filed another request for a thirty-day time extension on April 27, 2017. Defendant has not shown cause for a further time extension. Accordingly, the court reaches it decision here based on defendant's petition and the government's response.

In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2563. The Court later found that its holding in *Johnson* announced a new substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In *Taylor*, the Sixth Circuit examined whether the language of § 924(c), defining "crime of violence," was unconstitutionally vague under the analysis in *Johnson* and found that it was not because the statutory language was distinguishable. Specifically, § 924(c)(3) defines crime of violence as:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The statutory language quoted above and considered by the Sixth Circuit in *Taylor* was the same in 1996 when defendant was sentenced. In *Taylor*, the Sixth Circuit found the above quoted language is distinctly narrower than the ACCA residual clause, "especially in that it involves physical force rather than physical injury." 814 F.3d at 376. Based on this distinction, and for additional reasons as well, the Sixth Circuit held that § 924(c)(3)(B), unlike the ACCA residual clause, is not unconstitutionally vague, and upheld Taylor's conviction. *Id.* at 375-79.

Based on *Taylor*, defendant's § 2255 motion (Doc. 119) lacks merit, and his petition is **DENIED**. Defendant's motion for a time extension (Doc. 134) is **DENIED.**

Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by defendant, and accordingly **DENIES** the issuance of a certificate of appealability. In addition, because any appeal of this order would not be taken in good faith, defendant is **DENIED** leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**

Dated: May 4, 2017

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and also on Perry Daniel Hollie #219955039, Pekin FCI, P.O. Box 5000, Pekin, IL  61555 on

May 4, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin

Deputy Clerk